IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TYWAUN TRAMEL COAKLEY EL,**

      Petitioner,

v.                                                Civil Action No. 2:08cv58
                                                   (Judge Maxwell)

**STATE OF WEST VIRGINIA,**

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this habeas corpus action on April 11, 2008. In the petition, the petitioner asserts that he was arrested in October of 2007. The petitioner further asserts that he was indicted in Marion County, West Virginia, on February 4, 2008. The petitioner contends that he has yet to be arraigned and that it has been more than 180 days since his arrest. Therefore, the petitioner demands "settlement" of this situation.

Insofar as the petitioner is challenging his pending criminal charges, his claims are barred by the abstention doctrine and the principles of exhaustion and comity. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Alabama Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted). Absent extraordinary circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." Nivens v. Gilchrist, 444 F.3d 237,

243 (4th Cir. 2006) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Here, there is a pending state court action implicating vital state interests. Moreover, the petitioner has ample opportunity to pursue his claims in state court. Thus, the undersigned recommends that the petitioner's federal habeas corpus petition be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 18, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE